Stern, Lavinthal & Frankenberg, LLC
103 Eisenhower Parkway, Suite 100
Roseland, New Jersey 07068
Telephone Number (973) 797-1100
Telecopier Number (973) 228-2679
Attorneys for Secured Creditor,
**U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC2**
By: Maria Cozzini, Esq.

| | |
|---|---|
| In Re:<br><br>**Almoataz B. Basuoni aka Al Moataz Basuoni**<br><br>Debtor(s). | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>Chapter 13<br><br>Case No. 24-14092-MBK |

**NOTICE OF OBJECTION TO CONFIRMATION OF MODIFIED PLAN**

PLEASE TAKE NOTICE that U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC2 ("Secured Creditor"), the holder of a mortgage on the real property of the debtor(s), commonly known as 66 MADISON AVE, 66 MADISON AVE, JERSEY CITY, NJ 07304, by and through its undersigned attorneys, hereby objects to the confirmation of the Chapter 13 Plan on grounds including:

1. Debtor(s) Chapter 13 MODIFIED Plan proposes to pay Secured Creditor **$555,296.25** in pre-petition arrears, which is the amount of arrears reflected in the Proof of Claim filed on behalf of the Secured Creditor. (Claim Number 3). However, Debtor's Plan is unfeasible, underfunded, speculative, and proposed in bad faith, and the Creditor is not adequately protected in this case. Therefore, the Modified Plan should be denied and this Bankruptcy proceeding dismissed.

2. The Foreclosure Complaint was filed in the State Court on June 25, 2014. Final Judgment of Foreclosure was filed on February 15, 2017. Foreclosure and sale efforts have been ongoing for more than ten years. Debtor filed numerous bankruptcy petitions, including cases in 2011, 2014, and 2017, followed by more recent filings in 2019 and 2022, and the present case in 2024. Debtor has a long history with this Bankruptcy Court, demonstrating the bad faith filing of the present case. Debtor has exhaustively been reviewed for loan modification, attempted short sale was not successful, and proposed cramdown was not feasible.

3. In the 2019 bankruptcy proceeding, Case No. 19-24262, Debtor was exhaustively reviewed for a loan modification, and denied due to lack of income.

4. In Debtor's 2022 proceeding, Case Number 22-17394, Debtor proposed a cramdown based upon a value of $360,000, with a reduced interest rate of 5%. Based upon an evidentiary hearing, value of the mortgaged premises was determined to be $600,000 as of September 19, 2022. Considering

    Debtor's stated income, the cramdown was determined to be unfeasible and the case was dismissed. The Order of Dismissal was entered on February 14, 2024 and is attached as Exhibit A. Stay relief was entered in the 2022 case, since the Debtor failed to make any post petition payments.

5. Sheriff sale was scheduled for March 24, 2024. The present case was filed on the eve of the sheriff sale, March 22, 2024, highlighting Debtor's abusive and bad faith filing.

6. In the present case, Debtor initially proposed a cramdown for $600,000, even though the prior effort was unsuccessful. Modified Plan now provides for a full cure of arrears over a 60 month plan. If confirmed, Debtor would be required to pay $9,254.93 for plan payments just to satisfy prepetition mortgage arrears. In addition, the regular post petition payment amount is $3,587.34. Total combined monthly obligation would be $12,842.27, which amount exceeds the 2022 income.

7. In the 2022 Petition, Debtor reported monthly income of $9,205.67, including $6,500 for rental income derived from the mortgaged premises (although mortgage payments were not being made to the Secured Creditor). Incredibly, in the present case, Debtor's stated income dramatically increased from $9,205.67 (2022 petition) to $17,109 (almost doubling between the 2022 and 2024 filings). There is no explanation as to how the Debtor's income dramatically increased to this remarkable extent in this short time by almost 100%.

8. Debtor alleges that rental income for this three unit residential dwelling jumped from $6,500 in 2022 to $9,000 in 2024, with no explanation, when one unit is allegedly uninhabitable and the property is in need of substantial repair. If Debtor completed required maintenance and repairs to the mortgaged premises, rental income would not be increasing.

9. While Debtor exaggerates his income, Debtor's living expenses are grossly understated, in a further effort to inflate Debtor's ability to fund the Modified Plan. For example, Debtor lists $20 for home maintenance, repair and upkeep expenses, $0.00 for property insurance, $100 for utility bills, including electric, heat, and gas, $75 per week for food and household supplies, $100 for auto insurance, with no expense for life or health insurance, $0.00 for phone, $30 per month for clothing, laundry, and dry cleaning, and $50 for personal care products and services. Defendant's monthly expenses are understated and simply unrealistic.

10. In the present case, Debtor alleges low expenses of $4,122, for an exaggerated net income of $12,987, just barely covering the required pre and post petition mortgage payments, despite inflated income and understated expenses.

11. Debtor has apparently overstated his income and understated his expenses in an apparent effort to confirm his proposed Modified Plan, while the Debtor has not made one post petition payment in the present or prior case. It is not credible that the Debtor's income increased exponentially in a short period of time, with no explanation provided whatsoever to support this substantial increase.

12. The Modified Plan is not feasible, is underfunded, and is filed in bad faith, and must not be confirmed.

13. Further, Creditor is not adequately protected. The mortgaged premises consist of a three family dwelling. Debtor alleges that the first floor unit is uninhabitable and that the entire building is in poor condition and a state of disrepair. Under the mortgage, Debtor is required to properly maintain and repair the mortgaged premises. Debtor's appraisal report, which was filed in the

2022 case, includes photos that show poor condition and lack of maintenance. (See Appraisal Report attached hereto as Exhibit B). Debtor's appraisal report included a contractor estimate for required repairs in the amount of $270,562.63, which amount does not include major plumbing or electrical defects or unforeseen conditions, plus chimney repairs of $29,268.56.

14. The loan documents are attached to the Creditor's Proof of Claim (No. 3). The note and mortgage were given in 2006. The principal balance of the note was only $286,000. Payment terms were based upon a 30 year payout with a 30 year maturity date. As per the filed Proof of Claim, the principal balance was $275,921.71 at the time of the 2024 bankruptcy filing, with a total payoff of $787,956.76 and prepetition arrears of $555,296.25, plus regular payments of $3,587.34 due from May 1, 2024.

15. As per Debtor's Schedule A/B, the property value is given as $600,000. The property value was also determined to be $600,000 as of September 19, 2022, based upon an evidentiary hearing held in the 2022 case. (Order Attached as Exhibit A). Debtor's appraisal (Exhibit B) reflects a value of $400,000.

16. Clearly, the Creditor is not adequately protected, especially considering the lack of repairs and maintenance to the property. Photos contained in the appraisal report (Exhibit B) show a tarp on ceilings and extensive water damage to the building, which is ongoing and allegedly due to a leaking roof. Because of the Debtor's failure to properly maintain and repair the mortgaged premises, the property is at substantial risk of further decline, and with each passing month, the Creditor is less protected. Prepetition arrears alone equal or exceed the Debtor's opinion of value (Schedule A/B). The Court can review the photos attached to Debtor's appraisal (Exhibit B) to realize the complete lack of maintenance and Debtor's willful and blatant failure to keep the property in good repair.

17. Debtor is abusing the bankruptcy process to prevent and delay the Creditor from proceeding with its foreclosure and sale efforts, by proposing yet another Plan that is underfunded, unfeasible, and made in bad faith. Debtor is collecting rents for this multi-family, while not making mortgage payments. Debtor is not maintaining the mortgaged premises, which is at risk for declining value due to the state of disrepair. The Creditor is forced to advance substantial property taxes to protect the mortgage lien, as evidenced by the Proof of Claim, while the Debtor files multiple bankruptcy proceedings and profits from rental income without maintaining the property or making required mortgage payments.

18. Creditor is not adequately protected considering the condition of the property and lack of maintenance and repair, and this Plan must not be confirmed as a result.

19. Debtor(s) proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith. This present case is a blatant bad faith filing by the Debtor.

20. Debtor(s) proposed plan is not feasible and is underfunded. If the Debtor cannot clearly and fully explain and demonstrate how his income increased by almost 100% between the 2022 and 2024 bankruptcy filings, there is no credibility to accept the overstated income figures or to make any determination that this Modified Plan is feasible.

21. Debtor(s) proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C. Section 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

                                              Stern Lavinthal & Frankenberg LLC
                                              Attorneys for the Secured Creditor,
                                              U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AMC2

/s/ Maria Cozzini, Esq.
  Maria Cozzini, Esq.

Dated: August 7, 2024